**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISMAIL HASSAN ADAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 05CV01710 (RMC)** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR MOOTNESS**

Pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3),

Defendants, through counsel, respectfully move to dismiss the above-captioned matter for lack

of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  On

August 25, 2006, counsel for Defendants left a message with counsel for Plaintiff requesting

Plaintiff's position on the instant motion.  A memorandum in support of this motion and a

proposed order are attached.


Dated: August 25, 2006          Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ISMAIL HASSAN ADAM, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 05CV01710 (RMC)** |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| et al., | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR MOOTNESS</u>

Defendants by and through their undersigned counsel, respectfully request that the Court

dismiss Plaintiff's Complaint ("Complaint") on the grounds of mootness[1]. Plaintiff alleges that

Defendant U.S. Citizenship and Immigration Services ("USCIS") has unreasonably failed to

adjudicate his request for employment authorization and advance parole in a timely fashion.

Plaintiff seeks to compel the "adjudication" of this Application and not the underlying Form I-

485, Application to Register Permanent Residence or Adjust Status (AOS application).[2]

---

[1] The federal defendants are: Michael Chertoff, United States Secretary of Homeland Security; United States Department of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services("USCIS"); Phyllis Howard, District Director, Washington District Office, USCIS; Paul Novak, Vermont Service Center, USCIS; Robert Mueller, III, Director, Federal Bureau of Investigation; Alberto R. Gonzales, Attorney General for the United States; and United States of America,

[2] An alien may submit an EAD application for permission to work within the United States while an AOS application is pending adjudication. <u>See</u> 8 CFR 274a.12(c))(9). An alien who needs to travel outside the United States may also request advance parole before departing the United States so that the alien may be permitted to return to the United States in parolee status and continue to pursue a pending application. Normally, any departure from the United States while an application or petition is pending will result in the application or petition being deemed abandoned and subsequently denied. When advance parole is issued prior to an AOS applicant's departure from the United States, the departure will not result in the AOS application pending before USCIS being deemed abandoned. <u>See</u> 8 CFR 245.2(a)(4). A decision on the

Complaint at 16-17.  On August 24, 2006, Defendant denied Plaintiff's AOS application,

revoked any work authorization given to him and notified him that a failure to leave the country

will result in proceedings to enforce his departure.  Exhibit A.  As a result, Plaintiff's motion to

compel the adjudication of the Application is now moot.

## I.  Argument

### A.    Plaintiff's Complaint for Mandamus, Declaratory and Injunctive Relief to Compel Adjudication of his Application is Moot

The petitioning Plaintiff's action to compel adjudication of his Application is moot, as

USCIS has adjudicated his underlying AOS application, thus determining his request for

employment authorization.  In general, "a case becomes moot when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt,

455 U.S. 478, 481 (1981) (per curiam); Video Tutorial Services v. MCI Telecommunications, 79

F.3d 3, 5 (2nd Cir. 1996).  If this occurs, the Constitution's case or controversy requirement (U.S.

Const. Art. III, § 2) is not satisfied, and a federal court must dismiss the action for lack of subject

matter jurisdiction.  Article III of the Constitution restricts federal court jurisdiction to "actual,

ongoing controversies."  McBryde v. Comm. to Review Circuit Council Conduct and Disability

Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001); See

Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Honig v. Doe, 484

U.S. 305, 317 (1988)).  A case or claim no longer involves an actual controversy, or is

considered moot, where events have so transpired that the decision will not presently affect the

---

AOS application nullifies a need to adjudicate interim EAD and AP applications because neither
document is required for lawful permanent residents, who are employment authorized by virtue
of their immigration status, and admissible to the United States without further documentation
beyond the Form I-551, Permanent Resident Card.

parties' rights or have a more-than-speculative chance of affecting them in the future.  See id.

In the instant case, the only relief sought by Plaintiff is a court order compelling

Defendant to adjudicate his Application.  USCIS has acted on the Application by reaching a

decision on the underlying AOS application.  See Exhibit A.  For these reasons, Plaintiff's

Complaint is moot.

**B.     This Court lacks jurisdiction under INA section 242(a)(2)(B)(ii)**

Notwithstanding the fact that the Complaint to compel the adjudication of the

Application is moot, this Court would not have had jurisdiction to order USCIS to approve or

adjudicate the Application by a specific time frame.

Under section 242(a)(2)(B)(ii) of the Immigration Naturalization Act (INA), a Court

lacks jurisdiction to review "any decision or action . . . of the Secretary the authority for which is

specified under this title to be in the discretion of the Attorney General or the Secretary of

Homeland Security...." 8 U.S.C. § 1252(a)(2)(B)(ii).  Unlike an analysis under the

Administrative Procedures Act (APA), in analyzing the applicability of section 242(a)(2)(B)(ii)

of the INA, the Court is not required to look beyond the statutory provision under which the

complained-of action has been taken.  See Jilin Pharmaceutical USA, Inc. v. Chertoff, 7 F.3d

196, 199-200 (3rd Cir. May 10, 2006); see also Zhu v. Gonzales, 411 F.3d 292 (D.C. Cir. 2005).

In conducting the analysis of whether the statute specifies that the decision-making authority is

in the discretion of the Attorney General or Secretary of Homeland Security (Secretary), the

Court need not look to any particular "magic words" but instead, "should give effect, if possible,

to every clause and word of [the] statute."  See Zhu, 411 F.3d at 294-95.  Therefore, the statute

need not include the word "discretion."

3

USCIS's discretionary authority to adjudicate a request for an employment authorization document ("EAD") derives from two statutory provisions – section 274a of the INA, 8 U.S.C. § 1324a, and section 245(a) of the INA, 8 U.S.C. § 1255(a).  Under section 274a of the INA, 8 U.S.C. § 1324a,  it is unlawful for an employer to hire an alien who is not *authorized* to work in the United States.  Whether the Secretary will authorize an alien to work in the United States through the grant of an EAD will depend on the type and nature of the alien's underlying immigration status or pending benefit applications before USCIS (e.g., the AOS application). The instant case involves the Plaintiff's application for an EAD on the basis of his pending AOS application.

Whether an applicant for AOS may be granted work authorization rests within the sole discretion of the Secretary.  See section 245(a) of the INA, 8 U.S.C. § 1255(a).  Under section 245(a) of the INA, the Secretary may, "*in his discretion and under such regulations as he may prescribe*," adjust the status of an otherwise eligible person to that of an alien lawfully admitted for permanent residence."  (Emphasis added).  The AOS process under 245(a) of the INA commences with the filing of an application for AOS.  The derivative applications such as the EAD and AP are permitted only on the basis of the pending, underlying AOS application. Therefore, the treatment of  any such derivative applications during the pendency of the AOS application falls squarely within section 245(a) of INA, 8 U.S.C. § 1255(a).  In short, section 245(a) clearly assigns to the Secretary the discretion to adjudicate any AOS-dependent application, such as an EAD application.

Further, under regulations promulgated by USCIS, the decision whether to grant an application for employment authorization rests within the sound discretion of USCIS.  See 8

CFR 274a.   Specifically, while the Secretary has, by regulation, extended the privilege of

seeking employment authorization to certain AOS applicants, see 8 CFR 274a.12(c)(9), he has

made it clear that the initial grant of this privilege to such adjustment applicants rests entirely

within his discretion.   See 8 CFR 274a.13(a)(2).   While 8 CFR 274a.13(d) allows a person

whose application for an EAD (as opposed to the underlying AOS application) has been pending

for longer than ninety days to obtain interim employment authorization, this grant of interim

authorization only is available when there remains a currently pending application for EAD.

Thus, this provision does not apply in cases, such as here, where the underlying EAD application

(Form I-765) has been adjudicated and denied.   Accordingly, this Court lacks jurisdiction under

section 242(a)(2)(B)(ii) of the INA to either order USCIS to approve the EAD application or

adjudicate it by a specific time frame.

## II.    CONCLUSION

For all of the foregoing reasons, this Court should dismiss for mootness Plaintiff's

Complaint to compel the adjudication of his employment based adjustment of status application.

Dated: August 25, 2006               Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss for Mootness was filed via the

Court's electronic filing system on this August 25, 2006 and is expected to be served by the

Court's electronic transmission facilities on:


Rajiv Khanna
Law Offices of Rajiv Khanna
5225 N. Wilson Boulevard
Arlington, Va 22205
703 908 4800 ext. 110
703 908 4890 (fax)
rskhanna@immigration.com


          /S/
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153