UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL HASSAN ADAM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05CV01710 (RMC) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**DEFENDANT'S MOTION TO DISMISS FOR MOOTNESS**

Pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), Defendants, through counsel, respectfully move to dismiss the above-captioned matter for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On August 25, 2006, counsel for Defendants left a message with counsel for Plaintiff requesting Plaintiff's position on the instant motion. A memorandum in support of this motion and a proposed order are attached.

Dated: August 30, 2006          Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL HASSAN ADAM,           ) | |
|                  **Plaintiff,**    ) | |
| v.                                                    ) | Civil Action No. 05CV01710 (RMC) |
| MICHAEL CHERTOFF,         ) et al.,                                              ) | |
|                  **Defendants**  ) | |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR MOOTNESS

Defendants by and through their undersigned counsel, respectfully request that the Court dismiss Plaintiff's Complaint ("Complaint") on the grounds of mootness[1]. Plaintiff alleges that Defendant U.S. Citizenship and Immigration Services ("USCIS") has unreasonably failed to adjudicate his I-485, Application to Register Permanent Residence or Adjust Status (AOS application) in a timely fashion.[2] Complaint at 16-17. On August 24, 2006, Defendant USCIS

---

[1] The federal defendants are: Michael Chertoff, United States Secretary of Homeland Security; United States Department of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services("USCIS"); Phyllis Howard, District Director, Washington District Office, USCIS; Paul Novak, Vermont Service Center, USCIS; Robert Mueller, III, Director, Federal Bureau of Investigation; Alberto R. Gonzales, Attorney General for the United States; and United States of America,

[2] An alien may file a Form I-765 application and obtain an employment authorization document ("EAD") for permission to work within the United States while an AOS application is pending adjudication. See 8 CFR 274a.12(c))(9). Defendant USCIS has approved Plaintiff's EAD applications, most recently on February 28, 2006, valid for one year. Similarly, an alien who needs to travel outside the United States may also file a Form I-131 application to request advance parole before departing the United States so that the alien may be permitted to return to the United States in parolee status and continue to pursue a pending application. Normally, any departure from the United States while an application or petition is pending will result in the application or petition being deemed abandoned and subsequently denied. When advance parole is issued prior to an AOS applicant's departure from the United States, the departure will not result in the AOS application pending before USCIS being deemed abandoned. See 8 CFR

denied Plaintiff's AOS application, revoked any work authorization given to him and notified him that a failure to leave the country will result in proceedings to enforce his departure. Exhibit A. As a result, Plaintiff's motion to compel the adjudication of the Application is now moot.

**I. Argument**

**A.     Plaintiff's Complaint for Mandamus, Declaratory and Injunctive Relief to Compel Adjudication of his Application is Moot**

The petitioning Plaintiff's action to compel adjudication of his Application is moot, as USCIS has adjudicated his underlying AOS application. In general, "a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1981) (per curiam); Video Tutorial Services v. MCI Telecommunications, 79 F.3d 3, 5 (2nd Cir. 1996). If this occurs, the Constitution's case or controversy requirement (U.S. Const. Art. III, § 2) is not satisfied, and a federal court must dismiss the action for lack of subject matter jurisdiction. Article III of the Constitution restricts federal court jurisdiction to "actual, ongoing controversies." McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001); See Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Honig v. Doe, 484 U.S. 305, 317 (1988)). A case or claim no longer involves an actual controversy, or is considered moot, where events have so transpired that the decision will not presently affect the parties' rights or have a more-than-speculative chance of

---

245.2(a)(4). Defendant USCIS has approved Plaintiff's travel authorization requests, most recently on March 2, 2006. A decision on the AOS application nullifies a need to adjudicate interim EAD and AP applications because neither document is required for lawful permanent residents, who are employment authorized by virtue of their immigration status, and admissible to the United States without further documentation beyond the Form I-551, Permanent Resident Card.

affecting them in the future.  See id.

In the instant case, the only relief sought by Plaintiff is a court order compelling Defendant to adjudicate his Application.  USCIS has now denied the AOS Application.  See Exhibit A.  For these reasons, Plaintiff's Complaint is moot.

### B.      This Court lacks jurisdiction under INA section 242(a)(2)(B)(ii)

Notwithstanding the fact that the Complaint to compel the adjudication of the Application is moot, this Court would not have had jurisdiction to order USCIS to approve or adjudicate the Application by a specific time frame, or to review the USCIS decision on the application.

Under section 242(a)(2)(B)(i) of the Immigration Naturalization Act ("INA"), this Court lacks jurisdiction to review "any judgment regarding the granting of relief under section 1255 of this title (section 245 of the INA), which is the INA section addressing adjustment of status. Whether an applicant for AOS may be approved rests within the sole discretion of the Secretary. See section 245 (a) of the INA, 8 U.S.C. § 1255(a).  Under section 245 (a) of the INA, the Secretary may, "*in his discretion and under such regulations as he may prescribe*," adjust the status of an otherwise eligible person to that of an alien lawfully admitted for permanent residence."  (Emphasis added).  The AOS process under 245(a) of the INA commences with the filing of an application for AOS, and the treatment of the application falls squarely within the Secretary's discretion outlined in section 245(a) of INA, 8 U.S.C. § 1255(a).

Moreover, under section 242(a)(2)(B)(ii) of the INA, this Court lacks jurisdiction to review "any decision or action . . . of the Secretary the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security...." 8

3

U.S.C. § 1252(a)(2)(B)(ii).  Unlike an analysis under the Administrative Procedures Act (APA), in analyzing the applicability of section 242(a)(2)(B)(ii) of the INA, the Court is not required to look beyond the statutory provision under which the complained-of action has been taken.  See Jilin Pharmaceutical USA, Inc. v. Chertoff, 7 F.3d 196, 199-200 (3rd Cir. May 10, 2006); see also Zhu v. Gonzales, 411 F.3d 292 (D.C. Cir. 2005).  In conducting the analysis of whether the statute specifies that the decision-making authority is in the discretion of the Attorney General or Secretary of Homeland Security (Secretary), the Court need not look to any particular "magic words" but instead, "should give effect, if possible, to every clause and word of [the] statute." See Zhu, 411 F.3d at 294-95.  Therefore, the statute need not include the word "discretion."

Lastly, judicial review of an adjustment of status denial under section 242(a)(2)(B)(i) or discretionary determinations falling with the scope of section 242(a)(2)(B)(ii) is allowed only upon a petition for review filed with a Circuit Court, and that review is restricted to constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D).  See Hamden v. Gonzalez, 425 F.3d 1051, 1057 (7th Cir. 2005); Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir. 2005); Ramos v. Gonzales, 414 F.3d 800, 801-02(7th Cir. 2005); Higuit v. Gonzales, 2006 WL 9606 (4th Cir. Jan. 3, 2006), cert. denied, 2006 WL 1725681 (U.S. June 26, 2006).  Clearly the District Court lacks jurisdiction here, where Defendant USCIS has, in its discretion, denied Plaintiff's AOS application.

## II.  CONCLUSION

For all of the foregoing reasons, this Court should dismiss for mootness and lack of subject matter jurisdiction Plaintiff's Complaint to compel the adjudication of his employment based adjustment of status application.

Dated: August 30, 2006                    Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss for Mootness was filed via the Court's electronic filing system on this August 30, 2006 and is expected to be served by the Court's electronic transmission facilities on:


Rajiv Khanna
Law Offices of Rajiv Khanna
5225 N. Wilson Boulevard
Arlington, Va 22205
703 908 4800 ext. 110
703 908 4890 (fax)
rskhanna@immigration.com


       /S/
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153