UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL HASSAN ADAM, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL CHERTOFF, )<br>et al., )<br>)<br>Defendants )<br>_____ ) | Civil Action No. 05CV01710 (RMC) |

REPLY IN SUPPORT OF MOTION TO DISMISS FOR MOOTNESS

In his Complaint, Plaintiff alleges that the Defendants[1] unreasonably failed to adjudicate his I-485 Application to Adjust Status (AOS application) in a timely fashion and requests that the Court order the Defendants to adjudicate the AOS application. Complaint at 16-17. In response to Defendants' Motion to Dismiss, Plaintiff concedes that his requested relief of adjudication has been achieved. However, the Plaintiff is not content with the rendered decision and now accuses the Defendants of bad faith.[2] Plaintiff's Response at 1-2. Plaintiff has applied for a reconsideration of the denial with Defendant USCIS and presently requests that the Court

---

[1] The named federal defendants are: Michael Chertoff, United States Secretary of Homeland Security; United States Department of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services("USCIS"); Phyllis Howard, District Director, Washington District Office, USCIS; Paul Novak, Vermont Service Center, USCIS; Robert Mueller, III, Director, Federal Bureau of Investigation; Alberto R. Gonzales, Attorney General for the United States; and United States of America. Defendants note that Eduardo Aguirre, Jr., is no longer the Director of U.S. Citizenship and Immigration Services ("USCIS"), having been named Ambassador to Spain subsequent to the filing of this lawsuit. Dr. Emilio Gonzales is the current Director of USCIS.

[2] Although the parties hold differing views of the merits of the denial, Plaintiff confirms that the requested evidence was not provided to Defendants, and thus in effect, concedes that Defendants' denial of Plaintiff's application was not groundless. See Plaintiff's Response at 3. Plaintiff admits that the Defendant USCIS, in a notice dated April 10, 2006, requested documents that Plaintiff ultimately did not provide to Defendant USCIS. Id.

postpone issuing a decision in this suit "pending the outcome of the requested reconsideration of said denial" Id. at 2. Defendants renew their request that the Court dismiss Plaintiff's Complaint on the grounds of mootness and lack of subject matter jurisdiction.

## ARGUMENT

**I.**     *The Action is Now Moot*

On August 24, 2006, Defendant USCIS denied Plaintiff's AOS application, revoked any work authorization given to him, and notified him that a failure to leave the country will result in proceedings to enforce his departure. As a result, Plaintiff's motion to compel the adjudication of the AOS application is now moot. See e.g., Murphy v. Hunt, 455 U.S. 478, 481 (1981) ("a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ); Video Tutorial Services v. MCI Telecommunications, 79 F.3d 3, 5 (2nd Cir. 1996); McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (finding Article III of the Constitution restricts federal court jurisdiction to "actual, ongoing controversies.").

Because the case is now moot, it is appropriate for the Court to dismiss the Complaint, rather than granting Plaintiff's request to postpone a decision on this action "pending the outcome of the requested reconsideration of [Plaintiff's AOS application] denial." Response at 1-2. Indeed, it would be error for this Court to grant Plaintiff's requested relief and hold onto this case. Plaintiff's only arguably viable claim in this Court is now moot. As set forth below, this Court has no jurisdiction to review the merits of the Defendants' decision so there is no basis for the Court to retain this case to await a decision that the Court can not review. For the purposes of this lawsuit, Plaintiff's AOS application has been adjudicated, consequently,

Plaintiff's Complaint is now moot.

**II.**    *Court Lacks Jurisdiction to Review Denial of AOS Application*

The Court does not have jurisdiction to review the denial of the AOS application. Judicial review of an adjustment of status denial is precluded under section 242(a)(2)(B)(I) of the Immigration Naturalization Act ("INA"), except in the context of a petition for review in a court of appeals, and even then the judicial review is limited to constitutional claims or questions of law.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  See Hamden v. Gonzalez, 425 F.3d 1051, 1057 (7th Cir. 2005); Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir. 2005); Ramos v. Gonzales, 414 F.3d 800, 801-02(7th Cir. 2005); Higuit v. Gonzales, 2006 WL 9606 (4th Cir. Jan. 3, 2006), cert. denied, 2006 WL 1725681 (U.S. June 26, 2006).  Thus, the District Court lacks jurisdiction here, where Defendant USCIS has denied Plaintiff's AOS application.[3]

Since there are no reviewable issues presently before the Court, and any future agency determination will be similarly nonreviewable, this Court should deny Plaintiff's request to stay the litigation pending the outcome of his Motion to Reopen his Adjustment of Status application.

---

3    Although the Court lacks jurisdiction to review his AOS application, Plaintiff still has several options for pursuing the status of permanent residence.  For example, Plaintiff can: 1) file a motion to reopen or reconsider his adjustment application before USCIS.  8 C.F.R. 103.5; 2) renew his adjustment application in immigration court proceedings. 8 C.F.R. 245.2(a)(1); 3) return to his country of origin and apply for a visa at the U.S. State Department consular office overseas.  22 C.F.R. 42.61.  Also known as "consular processing," in this process there is no "adjustment" as the consulate reviews the visa application and grants the applicant a visa when a visa become available, and the individual would be admitted into the United States as a lawful permanent resident. 8 C.F.R. 42.71; and 4) file a new AOS application when he qualifies.  In fact, Plaintiff is currently pursing one of his options; Plaintiff has applied for reconsideration of the AOS application denial.  Plaintiff's Response at 2.

**CONCLUSION**

For all of the foregoing reasons, this Court should dismiss for mootness and lack of subject matter jurisdiction Plaintiff's Complaint to compel the adjudication of his employment-based adjustment of status application.

Dated: October 3, 2006     Respectfully submitted,

   /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply in Support of the Motion to Dismiss was filed via the Court's electronic filing system on this October 3, 2006 and is expected to be served by the Court's electronic transmission facilities to:

Rajiv Khanna
Law Offices of Rajiv Khanna
5225 N. Wilson Boulevard
Arlington, Va 22205
703 908 4800 ext. 110
703 908 4890 (fax)
rskhanna@immigration.com


　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　ANDREA McBARNETTE, D.C. Bar  #483789
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　(202) 514-7153