UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL HASSAN ADAM, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-1710 (RMC) |
| MICHAEL CHERTOFF, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Ismail Hassan Adam brought this suit alleging that Defendants[1] unreasonably failed to timely process his Form I-485 Application to Register Permanent Residence or Adjust Status ("AOS Application"). Mr. Adam's Complaint seeks a writ of mandamus as well as declaratory and injunctive relief. On August 24, 2006, the United States Citizenship and Immigration Services ("USCIS") denied Mr. Adam's AOS Application, revoked any work authorizations given to him, and notified him that a failure to leave the country will result in deportation proceedings. Because USCIS adjudicated Mr. Adam's AOS Application, Defendants contend that this case is moot. Defendants have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The Court will grant Defendants' motion.

---

[1] Defendants include Michael Chertoff, Secretary, U.S. Department of Homeland Security ("DHS"); DHS; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services ("USCIS"); USCIS; Paul Novak, Director, Vermont Service Center, USCIS; Robert Mueller, Director, Federal Bureau of Investigation; Alberto Gonzales, U.S. Attorney General; and the United States.

## I. STANDARD OF REVIEW

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

## II. ANALYSIS

Mootness arises "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Further, pursuant to Article III of the Constitution, federal court jurisdiction is limited to "actual, ongoing controversies." *McBryde v. Comm'n to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001). "If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." *Id*. Here, Mr. Adam seeks an order compelling Defendants to adjudicate his AOS Application. USCIS has adjudicated and denied the Application, thereby rendering this case moot. Because the case is moot, the Court lacks jurisdiction and this case will be dismissed.

In response to the motion to dismiss, Mr. Adam contends that the Court should hold his case in abeyance, pending his September 13, 2006, request for reconsideration of his AOS Application. In essence, Mr. Adam requests that the Court engage in a futile exercise— that it retain jurisdiction over a moot issue in order to await a decision that the Court has no power to review. Judicial review of the denial of an AOS application is precluded, except upon petition for review filed with a court of appeals. 8 U.S.C. § 1252(a)(2)(D). Even then, such review is limited to constitutional claims or questions of law. *Id*. Because there is no live controversy before this Court and any future agency action is not reviewable by this Court, Plaintiff's request to stay will be denied.

As explained above, Defendants' motion to dismiss [Dkt. #18] will be granted, and Plaintiff's request to stay set forth in the response to the motion to dismiss [Dkt. #20] will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: November 16, 2006                    /s/
                                                    ROSEMARY M. COLLYER
                                                   United States District Judge